# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROBERTA WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 03-2388-CM |
| **METROPOLITAN LIFE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On July 30, 2003, plaintiff Roberta Wilson brought claims against defendant Metropolitan Life Insurance Company ("MetLife") for breach of contract, recovery of prejudgment interest under the Employee Retirement Income Security Act of 1979 ("ERISA"), 29 U.S.C. § 1132(g) and Kan. Stat. Ann. § 16-201, and attorney's fees under Kan. Stat. Ann. § 40-625 and 29 U.S.C. § 1132(g)(1). On October 15, 2004, the parties filed a joint Notice of Stipulation stating that defendant would reinstate plaintiff's Long-Term Disability ("LTD") Benefits effective October 1, 2004, and would pay plaintiff LTD benefits from the date of termination, March 1, 2001, through September 30, 2004. Pending before this court is Plaintiff's Motion for Partial Stipulated Judgment and for Attorney's Fees and Prejudgment Interest (Doc. 28).

**I.    Facts**

Plaintiff was an Agency Manager for Allstate Insurance Company ("Allstate") and participated in Allstate's Long-term Disability Insurance Plan (the "Plan"), insured by defendant. On or about July 7, 1999, plaintiff submitted an application for LTD benefits under the Plan. Defendant approved the claim,

and paid plaintiff benefits from November 23, 1999 to February 28, 2001. On March 1, 2001, defendant terminated plaintiff's benefits, informing her that she was no longer disabled as defined by the Plan.

On October 15, 2004, the parties agreed to a partial stipulation reinstating plaintiff's benefits and compensating her for past due benefits from March 1, 2001 to September 30, 2004. The parties did not reach an agreement on whether plaintiff is entitled to recover attorney's fees. Defendant agrees to pay prejudgment interest at the federal rate, but plaintiff argues that interest at the Kansas statutory rate of 10% per annum is proper in this case pursuant to Kan. Stat. Ann. § 16-201.

**II.     Analysis**

    **A.     Stipulated Judgment**

As a general rule, a stipulation is "a judicial admission binding on the parties making it, absent special considerations." *Vallejos v. C. E. Glass Co.*, 583 F.2d 507, 510 (10th Cir. 1978). Courts generally regard stipulations of fact as "admissions of the parties that are conclusive without further evidentiary support in the record." *In re Durability Inc.*, 212 F.3d 551, 555 (10th Cir. 2000). Plaintiff moves for "partial stipulated judgment" on her breach of contract claim, arguing that by agreeing to the stipulation of reinstatement and payment of past due benefits, defendant has essentially admitted liability. While the Tenth Circuit has reasoned that courts generally consider stipulations of facts as conclusive without further evidentiary support, the court notes that here the parties did not agree to any facts in their Notice of Stipulation. The notice merely stipulates that defendant agrees to reinstate plaintiff's benefits and pay her for past due benefits on the Plan. Therefore, the stipulation in existence cannot properly be used as an evidentiary basis for granting plaintiff's motion.

Furthermore, because the stipulation neither allocates liability, nor dismisses the claim under Fed. R. Civ. P. 41, nor states any facts on which the parties agree, the court is inclined to assume that the stipulation resolved the merits of the case with the exception of prejudgment interest and attorney's fees, and thus, there is no need for judgment. Therefore, plaintiff's Motion for Partial Stipulated Judgment is denied.

### B.     Prejudgment Interest

In ERISA cases, the court may award prejudgment interest to "make persons whole for the loss suffered because they were denied use of money to which they were legally entitled." *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1287 (10th Cir. 2002). Although federal law usually controls the rate of prejudgment interest for a federal claim, "in Tenth Circuit ERISA cases, courts generally look to state law to determine the prejudgment interest rate." *Goad v. Rogers*, No. 93-2391-GTV, 1996 WL 42132, *2 (D. Kan. Jan. 22, 1996).

An award of prejudgment interest "rests within the discretion of the court." *Caldwell v. W. Atlas Int'l, Inc.*, 93-2550-GTV, 2000 WL 1114977, *2 (D. Kan. July 14, 2000) (citing *Frymire v. Ampex Corp.*, 61 F.3d 757, 773 (10th Cir. 1995)). Under federal law, an award of prejudgment interest is designed to "compensate the wronged party for being deprived of the monetary value of his loss to the payment of judgment." *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1256 (10th Cir. 1988). When a defendant "deprive[s] [a] [p]laintiff of the time value of his money," the plaintiff is "entitled to interest on the amounts he was due." *Hofer v. UNUM Life Ins. Co. of Am.*, No. 02-2079-GTV, 2004 WL 303584, *17 (D. Kan. Jan. 29, 2004). Thus, the court has discretion to award prejudgment interest when such an award is necessary to adequately compensate a party who has been denied the full use of her monetary benefits.

-3-

Plaintiff moves for an award of prejudgment interest at the Kansas statutory rate of 10% per annum pursuant to Kan. Stat. Ann. § 16-201. Defendant agrees to pay plaintiff interest, but at the federal interest rate under 28 U.S.C. § 1961(a) as determined by the 52-week Treasury Bill rate. However, "many circuits have held that courts are not required to use section 1961 in calculating prejudgment interest and that the calculation rests firmly within the sound discretion of the trial court." *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d at 1287-88. Furthermore, in Tenth Circuit ERISA cases, "courts generally look to state law to determine the prejudgment interest rate." *Goad*, 1996 WL 42132, at *2. While defendant correctly points to several courts that have supported the application of the federal interest rate in calculating prejudgment interest under ERISA, a review of Kansas and Tenth Circuit case law supports the application of the state statutory rate. *See Allison v. Bank One-Denver*, 289 F.3d 1223 (10th Cir. 2002); *Biava v. Insurers Admin. Corp.*, Nos. 94-2013, 94-2014, 1995 WL 94461 (10th Cir. 1995); *Powers v. Bankers United Life Assurance Co.*, No. 89-2524-O, 1991 WL 242490 (D. Kan. Oct. 28, 1991). Accordingly, prejudgment interest at the Kansas statutory rate of 10% per annum is proper.

**C.     Attorney's Fees**

Plaintiff also moves for recovery of attorney's fees under Kan. Stat. Ann. § 40-256 and 29 U.S.C. § 1132(g)(1). Under the Kansas statute, the court may only award attorney's fees upon rendering a judgment against an insurance company. Here, the court has not rendered judgment against defendant, and therefore, plaintiff is not entitled to recover attorney's fees under the Kansas statute.

Alternatively, plaintiff seeks attorney's fees under ERISA, 29 U.S.C. § 1132(g)(1). An award of attorney's fees is discretionary under ERISA. However, the court must consider at least five factors when determining whether to grant plaintiff's motion for attorney's fees:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Gordon v. U. S. Steel Corp.*, 724 F.2d 106, 109 (10th Cir. 1983).

First, the court must consider the degree of the opposing parties' culpability or bad faith. Plaintiff argues that defendant acted in bad faith when it terminated her LTD benefits based on the evaluation of Dr. Porter, who did not examine plaintiff. Plaintiff further argues that defendant acted in bad faith when it did not reconsider her petition for LTD benefits following her submission of reports from her own treating physicians indicating that she was not able to perform the material duties of her occupation. However, the court finds that defendant's decision to terminate plaintiff's LTD benefits based on the recommendations of a physician and its denial of reconsideration following the submission of medical records confirming her disability does not alone constitute bad faith. *See Powers v. Thermadyne Holdings Corp.*, No. 99-1427-WEB, 2001 WL 487902, *11 (D. Kan. Feb. 6, 2001) (finding that defendant's failure to consider new medical evaluations from plaintiff's physician in denying plaintiff disability benefits did not constitute bad faith). Furthermore, defendant based its decision on the professional medical opinion of an Independent Physician Consultant, distinguishing it from the insurer in *Powers*, which relied only on the opinion of non-physicians. Defendant has submitted records supporting its earlier decision to terminate plaintiff's LTD benefits, and thus, the court finds no bad faith on the part of defendant.

Second, the court must consider defendant's ability to personally satisfy an award of attorney's fees. Here, defendant is a major insurance company that, by its own admission, is capable of satisfying an award of attorney's fees. Thus, the second *Gordon* factor weighs in favor of plaintiff.

-5-

Third, the court must consider whether an award of attorney's fees against defendant would deter others from acting under similar circumstances. One of the underlying purposes of ERISA is to prevent "underenforcement of beneficiaries' statutory rights." *Id.* (quoting *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)). In a situation such as this, where defendant has ultimately paid plaintiff for benefits she might have been entitled to all along, the granting of attorney's fees might prevent future similarly-situated defendants from terminating insured's benefits. However, because the parties reached an agreement without admitting any liability, it is unlikely that an award of attorney's fees in this case would deter others who have a material dispute from acting under similar circumstances.

Fourth, the court must consider whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA. It is clear from the record that plaintiff did not directly attempt to benefit all participants of the Plan. While plaintiff argues that an award of attorney's fees in this case may potentially benefit other future participants, the fact remains that plaintiff brought this claim solely to benefit herself. Also, the claim does not resolve a significant legal question regarding ERISA.

Fifth, the court must consider the relative merits of the parties' positions. As previously discussed in this order, the parties resolved the merits of the case in their stipulation agreement, so the court need not consider the relative merits of their positions. Accordingly, the fifth *Gordon* factor does not weigh heavily in the court's decision.

Based on this analysis of the five *Gordon* factors, the court finds that plaintiff has not shown that an award of attorney's fees in this case would serve the purposes of ERISA. Furthermore, because the Tenth Circuit has interpreted ERISA to "allow an award of attorney's fees only to prevailing parties," the fact that

-6-

plaintiff has not prevailed on the merits supports the court's denial of plaintiff's motion. *See Davis v. Wal-Mart Stores, Inc.*, 67 F. Supp. 2d 1274, 1286 (D. Kan. 1999). Finally, because plaintiff's claim was settled without full litigation on the merits, plaintiff must show that her suit was a "'material factor' in obtaining benefits from the Plan and that the Plan did not act for 'wholly gratuitous' reasons in response to her suit." *Id.* While plaintiff raises doubts about defendant's intentions in agreeing to reinstate her benefits and pay her past due benefits, she cannot establish that defendant did not choose to reinstate her for wholly gratuitous reasons. The fact that the stipulation agreement does not allocate liability to defendant supports the finding that defendant may have agreed to reinstate Wilson for reasons not based solely her lawsuit. In any case, the *Gordon* analysis, along with the standards set forth in *Davis*, support the court's denial of plaintiff's request for attorney's fees.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Partial Stipulated Judgment and for Attorney's Fees and Prejudgment Interest (Doc. 28) is denied in part and granted in part. Specifically, plaintiff's motion for partial stipulated judgment and motion for attorney's fees are denied, and plaintiff's motion for prejudgment interest is granted.

Dated this 15th day of July 2005, at Kansas City, Kansas.

                                                 **s/ Carlos Murguia**
                                                 **CARLOS MURGUIA**
                                                 **United States District Judge**